UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WANDA MOORE et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENSKE TRUCK LEASING, et al. <br><br> Defendants. | Case No. 06-cv-791-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge**

This matter is before the Court for purposes of case management.

This Court has an independent duty to ensure that it has subject matter jurisdiction. *See Hammes v. Aamco Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). Accordingly, in light of Seventh Circuit precedent, *see, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pled. After reviewing plaintiffs' complaint, the Court finds that plaintiffs' jurisdictional allegations are patently insufficient.

## ANALYSIS

The Federal Rules require "a short and plain statement of the grounds upon which the court's jurisdiction depends." F.R.Civ.P. 8(a)(1). Plaintiffs included no such statement in the complaint. The only clause in the complaint that comes close is the following, taken from the prayer: "Plaintiff prays this Court enter judgment in an amount excess of the minimal jurisdiction of this Court." Though this sentence is little more than jabberwocky, if the Court supplies the missing preposition and includes the word "amount" after jurisdiction, it might conclude that plaintiffs seek to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.

Such an assumption does not comport, however, with plaintiffs' allegations of residence. *See* 28 U.S.C. § 1332. The Seventh Circuit has repeatedly held that "allegations of residence are insufficient to establish diversity jurisdiction." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). In fact, "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Id.* Why plaintiffs chose to allege that Penske Truck Leasing, LP, was "authorized to do business in Fort Wayne, Indiana," but allege that Gallant Transport, Inc. has "the authority to sue and be sued," is similarly mysterious. According to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of both its state of incorporation and the state of its principal place of business. Under this Rule, plaintiffs must allege the place of incorporation and the principal place of business *affirmatively*.

These were the jurisdictional defects that were immediately apparent to the Court – there may be others. It is not, however, the Court's obligation to ferret these defects out. *See Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000).

## CONCLUSION

The Court **ORDERS** that the plaintiffs shall have **fifteen (15) days** from the entry of this order, in which to amend the complaint and correct these and *any other* jurisdictional defects. If plaintiffs fail to do so, the Court will dismiss the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED: October 30, 2006**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**