**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THE ESTATE OF RAVAH LEE JUNE ) | |
| ANTHONY by and through NATIONAL ) | |
| TRUST COMPANY, Personal ) | |
| Representative, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 06-cv-0791-MJR** |
| ) | |
| PENSKE TRUCK LEASING, ) | |
| GALLANT TRANSPORT, INC., and ) | |
| KEVIN D. MOHR, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM & ORDER</u>

**REAGAN, District Judge:**

On October 30, 2006, on threshold review, Judge J. Phil Gilbert determined that Plaintiff's complaint contained jurisdictional defects, specifically, that Plaintiff had not affirmatively alleged the citizenships of Defendants Penske Truck Leasing ("Penske") and Gallant Transport, Inc. ("Gallant"). Judge Gilbert ordered Plaintiff to file an amended complaint correcting these and any other jurisdictional defects. On November 2, 2006, Plaintiff filed its amended complaint. On February 13, 2007, this case was reassigned to the undersigned judge. The Court again undertakes threshold review to determine if the jurisdictional defects have been cured and if the Court has proper subject matter jurisdiction under the federal diversity statute. **28 U.S.C. §1332**; *Wisconsin Knife Works v. Nat'l Metal Crafters*, **781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do . . . is check to see that federal jurisdiction is properly alleged.").**

Section 1332 confers original jurisdiction over suits in which the amount in

-1-

controversy exceeds $75,000 and the action is between citizens of different states.  The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met.  ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).**

Here, the pleadings indicate that the amount in controversy has been met, in that Plaintiff asserts that the amount in controversy exceeds $100,000.00.  However, diversity among the named parties is *not* shown to be complete as the Court does not have sufficient information to answer all questions regarding the parties' citizenship.  The existence of complete diversity cannot be confirmed without knowledge of each and every party's place of citizenship.  ***See, e.g., Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997);** *see also Buethe v. Britt Airlines, **Inc.*, 787 F.2d 1194, 1196 (7th Cir. 1986) (referring to the "essential facts" of jurisdiction as "the state or states of citizenship of each of the parties").**

In the amended complaint, Plaintiff again fails to state the citizenships of Defendants Penske and Gallant "affirmatively," as required.  Instead, Plaintiff alleges "upon information and belief," that Penske is a citizen of Pennsylvania and Gallant is a citizen of Michigan.  In this Circuit, allegations based upon "information and belief" are insufficient to invoke federal jurisdiction.  ***See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).**

The Seventh Circuit has instructed district courts freely to grant leave to amend defective allegations of subject matter jurisdiction or to allow the parties to brief jurisdictional issues (rather than *sua sponte* dismissing cases for lack of jurisdiction).  ***See Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 595 (7th Cir. 1992),** *cert. denied*, **508 U.S. 941 (1993);** *Fey v. E.P.A.*, **270 F.3d 1129, 1131-32 (7th Cir. 2001) ("sua sponte dismissals without prior notice or opportunity to be heard are hazardous," and "unless the defect is clearly incurable a district**

-2-

**court should . . . allow the parties to argue the jurisdictional issue. . . .").**

Accordingly, the Court **ORDERS** Plaintiff to file a jurisdictional memorandum addressing the citizenship of Defendants Penske and Gallant **on or before March 7, 2007**.

**IT IS SO ORDERED.**

**DATED this 23rd day of February, 2007**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**