IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE ESTATE OF RAVAH LEE JUNE ANTHONY, By and Through National Trust Company, Personal Representative,<br><br>Plaintiff,<br><br>vs.<br><br>PENSKE TRUCK LEASING, GALLANT TRANSPORT, INC., and KEVIN D. MOHR,<br><br>Defendants. | CIVIL NO. 06-791-GPM |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This case was recently assigned to the undersigned district judge. A review of the second amended complaint (Doc. 23) raises some jurisdictional concerns which must be immediately addressed. The Seventh Circuit repeatedly warns litigants and district courts that subject matter jurisdiction is not an issue to be taken lightly. *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money").

Defendant Penske is identified in the body of the second amended complaint as "Defendant Penske Truck Leasing, LP." (*See* Doc. 23, para. 2). Plaintiff alleges that this entity is a Pennsylvania corporation with its principal place of business in Pennsylvania. The designation "LP", however, suggests that this party may, in fact, be a limited partnership.

"[I]n a diversity case, whenever there is an unconventional party (that is, someone or

something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998). Congress has chosen to establish special rules for determining the citizenship of certain kinds of associations - specifically, corporations, decedents' estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because the statute is silent with respect to limited partnerships and limited liability companies, the Court must "apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141 F.3d at 318. Unincorporated business entities, *i.e.*, limited partnerships, are treated as citizens of every state of which any partner or member is a citizen. *Id*. at 316-17. If "Penske Truck Leasing, LP" is in fact a limited partnership, the Court must know the citizenship of each of its members.

     Finally, the Court is satisfied that the amount in controversy requirement is met because it does not appear to a legal certainty that the claims are really for less than the jurisdictional amount. *See Smith v. American General Life and Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

     "[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to

the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff shall, on or before **August 1, 2007**, file a third amended complaint that properly invokes the Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 07/10/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge